UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

————

HORACE W. CRUMP,

                Plaintiff,                  Case No. 2:09-cv-194

v.                                         Honorable Robert Holmes Bell

PATRICIA CARUSO et al.,

                Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.
The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation
Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any
prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a
claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such
relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro
se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's
allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504
U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure
to state a claim against Defendants Chaplaincy Advisory Council, Asim Imam, Islamic Circle of
North America, Ahmed Desai, Majlisul-Ulama, and Darus-Salam Publications. The Court will serve
the complaint against Defendants Patricia Caruso, Dave Burnett, John Martin, Radwan Mardini,
Muhammad Musa, Mitchell Perry, James Bolton and J.P. Casey.

**Discussion**

I.      Factual allegations

Plaintiff currently is incarcerated at Saginaw Correctional Facility, however, some of the events alleged in his complaint occurred at Straits/Chippewa Correctional Facility (KTF) and Newberry Correctional Facility (NCF).  In his *pro se* complaint, he sues Michigan Department of Corrections (MDOC) Director Patricia Caruso, MDOC Special Activities Coordinator (retired) Dave Burnett, MDOC Special Activities Coordinator John Martin, Huron Valley Complex (HIM) Chaplain Radwan Mardini, the Chaplaincy Advisory Council (CAC), MDOC and CAC Islamic Advisor Muhammad Musa, Asim Imam, Islamic Circle of North America, Ahmed Desai, Majlisul-Ulama, Darus-Salam Publications and the following KTF employees: former Warden Mitchell Perry, Chaplain James Bolton and Inspector J.P. Casey.

Plaintiff alleges that Defendants Perry and Casey deprived him of his legal materials after Plaintiff was transferred in January and February 2009.  Plaintiff states that the appeal of his conviction to the Michigan Court of Appeals was dismissed because he could not provide the Court of Appeals with the legal materials that had been removed.  (Compl. at 6.)

Plaintiff states that he is a Shi'a Muslim.  He alleges that he is not being provided with the religious services he requires.  He claims that the "Al-Islam" services are heavily Sunni now, which is a different set of beliefs than Shi'a.  He alleges that he has been unable to obtain Shi'a books and materials because all of the approved Islamic vendors are not Shi'a and their materials conflict with his beliefs and religion.  (Compl. at 15.)  Plaintiff further alleges that he has been denied the meals that he requires as a Shi'ite and has "been forced to be vegetarian, while vegetarianism is proscribed by the Qur'an." (Compl. at 16.)  He claims that he has not been allowed

to possess the materials he needs to pursue his religion because the Defendant do not recognize Shi'a Islam. Plaintiff states that Defendants do recognize the difference between a number of Christian and Jewish denominations, provide different services, meals and allow them to possess objects necessary for the practice of their beliefs. (*Id.* at 19.)

Plaintiff requests compensatory and punitive damages and declaratory and injunctive relief.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has

not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.    CAC

Plaintiff may not maintain a § 1983 action against the CAC. The MDOC is a department of the state and the CAC is part of the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th

Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987).  In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages.  *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).  Therefore, to the extent Plaintiff sues the MDOC, he fails to state a claim.  Additionally, the Court will dismiss Plaintiff's action against the CAC.

### B.     Non-State Actors

According to Plaintiff's complaint, Defendant Imam is a volunteer for Defendant Islamic Circle of North America, which is a MDOC-approved charity. (Compl. at 4.) Defendant Desai is a volunteer for Majlisul-Ulama, which is an MDOC-approved Islamic Publisher.  (*Id.*) Darus-Salam Publications is an MDOC-approved vendor.  (*Id.*)

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814.  There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Plaintiff alleges that Defendants Islamic Circle of North America, Majlisul-Ulama and Darus-Salam Publications are a MDOC-approved charity, Islamic publisher and vendor,

respectively. Simply "MDOC-approved" and providing materials to prisoners does not render them "state actors" for purposes of § 1983. Plaintiff alleges that Defendants Imam and Desai have sent letters to prisoners directing the prisoners "to afford Shi'a no say, not allow them to lead prayers and to ensure that they not be allowed to teach or put in any influential role." (Compl. at 12-13.) Plaintiff has not presented any allegations by which the actions of Defendants Imam and Desai could be fairly attributed to the State. Accordingly, he fails to state a § 1983 claim against Defendants Islamic Circle of North America, Majlisul-Ulama, Darus-Salam Publications, Imam and Desai.

### C.    *Remaining Defendants*

Plaintiffs allegations against the remaining Defendants are sufficient to state a claim for violation of his right to access the courts and/or violations of his rights under the First Amendment and Religious Land Use and Institutionalized Persons Act. Therefore, those Defendants shall be served.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Chaplaincy Advisory Council, Asim Imam, Islamic Circle of North America, Ahmed Desai, Majlisul-Ulama, and Darus-Salam Publications will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Patricia Caruso, Dave Burnett, John Martin, Radwan Mardini, Muhammad Musa, Mitchell Perry, James Bolton and J.P. Casey. An Order consistent with this Opinion will be entered.


Dated: October 8, 2009                          /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE