# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

HORACE W. CRUMP,

      Plaintiff,

                                File No. 2:09-CV-194

v.

                                HON. ROBERT HOLMES BELL

PATRICIA CARUSO, et al.,

      Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On August 23, 2010, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendants' motion for summary judgment (Dkt. No. 47) be granted, and that Plaintiff's motion to depose prisoners (Dkt. No. 27) and motion for preliminary injunction (Dkt. No. 69) be denied. (Dkt. No. 79, R&R.) Plaintiff filed objections to the R&R on September 2, 2010. (Dkt. No. 85.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The R&R recommends that Plaintiff's complaint be dismissed for failure to exhaust administrative remedies. This recommendation is based upon evidence that Plaintiff only

filed three grievances that are relevant to the issues raised in his complaint, and that of these three grievances, one was never received at Step III of the grievance procedure, and the other two were properly rejected for failing to comply with the grievance policy. Plaintiff has raised four objections to the R&R.

Objection 1

Plaintiff objects to the entry of summary judgment because he has not been allowed discovery. Plaintiff contends that he presented a "Request for Recognition of Shi'a Islam, Shi'a Muslim Prayer and Study Services" to Warden Jeri-Ann Sherry (Dkt. No. 1, Compl. Ex. B), that the wardens's designee, Special Activities Coordinator Michael Martin, denied Plaintiff's request, that Plaintiff's copy of Martin's denial has been lost, and that Plaintiff's requests for discovery regarding Martin's denial have been stayed (Dkt. No. 39, Order Staying Disc.). Plaintiff contends that without Martin's denial he is unable to prove that the issues raised in his request were exhausted.

Plaintiff's argument is without merit. The denial of Plaintiff's request for services by Defendant Martin, is irrelevant to the issue of exhaustion of administrative remedies. Plaintiff does not need a copy of Martin's denial in order to contest Defendants' evidence and the Magistrate Judge's finding that Plaintiff failed to grieve Martin's denial.

Objection 2

Plaintiff objects to the R&R based on his assertion that he properly exhausted all available administrative remedies with regard to all issues presented in his complaint.

First, Plaintiff asserts that Martin's denial of his request for recognition of Shi'a Islam was a non-grievable issue because it raised issues concerning the content of policy or procedure, decisions made in hearings, or issues not within the authority of the Department to resolve.[1]

The Prison Litigation Reform Act of 1995, provides that an action cannot be filed "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In analyzing whether administrative remedies are "available," the Sixth Circuit has concluded that "[s]o long as the prison system has an administrative process that will review a prisoner's complaint . . . the prisoner must exhaust his prison remedies." *Owens v. Keeling*, 461 F.3d 763, 769 (6th Cir. 2006) (quoting *Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir.

---

[1]The MDOC grievance policy provides that grievances that raise the following non-grievable issues shall be rejected:

> 1. A grievant may not grieve the content of policy or procedure except as it was specifically applied to the grievant. If a CFA prisoner has a concern with the content of a policy or procedure, s/he may direct comments to the Warden's Forum as provided in PD 04.01.150 "Prisoner Housing Unit Representatives/Warden's Forum".
> 2. Decisions made in hearings conducted by hearing officers of the State Office of Administrative Hearings and Rules, including property disposition, and issues directly related to the hearing process (e.g., sufficiency of witness statements; timeliness of misconduct review; timeliness of hearing).
> 3. Decisions made by the Parole Board to grant, deny, rescind, amend or revoke parole, or not to proceed with a lifer interview or a public hearing.
> 4. Decisions made in minor misconduct hearings, including property disposition.
> 5. Issues not within the authority of the Department to resolve. The grievant shall be told who to contact in order to attempt to resolve the issue, if known.

1999)). In *Owens*, the court held that the movant's classification-related complaint presented a non-grievable issue because the prison had a flat rule declining jurisdiction over grievances related to institutional placement and custody level. *Id.* at 769; *see also Rancher v. Franklin County*, 122 F. App'x. 240, 242 (6th Cir. 2005) (excusing exhaustion of the plaintiff's deliberate indifference claim where there was a flat rule at the jail against allowing grievances for medical issues).

Unlike the plaintiffs in *Owens* and *Rancher*, Plaintiff has not identified a prison rule that would bar him from grieving his claims. Plaintiff has not shown that the denial of his request for Shi'a recognition was a non-grievable issue. A request for recognition of a religious group is specifically authorized by MDOC policy. *See* P.D. 05.03.150 ¶ L. Contrary to Plaintiff's assertions, his request for Shi'a recognition did not challenge the content of the policy or procedure except as it was specifically applied to him, did not involve a decision made in a hearing conducted by hearing officers of the State Office of Administrative Hearings and Rules, and was within the authority of the Department to resolve. Defendant Martin's denial of Plaintiff's request falls within the definition of a grievable issue under PD 05.03.150 ¶ E.[2]

In support of his contention that his request for Shi'a recognition was non-grievable, Plaintiff relies on the response to his grievance in OCF 05-02-00174-28G, which was

---

[2]"Grievances may be submitted regarding alleged violations of policy or procedure or unsatisfactory conditions of conferment which directly affect the grievant, including alleged violations of this policy and related procedures." PD 05.03.150 ¶ E.

dismissed due to lack of jurisdiction. (Dkt. No. 59, Ex. A.) Plaintiff filed Grievance OCF 05-02-00174-28G, against the Chaplains Advisory Council ("CAC"). As noted in the response to the grievance, the majority of the members of the CAC are not employed by the MDOC, and the MDOC has no authority over their decisions. (*Id.*) The fact that a claim against the CAC is non-grievable does not suggest that a claim against Martin, who is an employee of the MDOC, is non-grievable.

Plaintiff contends that his issues regarding Shi'a recognition and services were also properly exhausted in KTF 2008-03-386-20A. The R&R determined that KTF 2008-03-386-20A was not administratively exhausted because Plaintiff did not file a Step III grievance. Plaintiff admits that he failed to file a Step III grievance, but he contends that he was not required to do so because he was satisfied with the Step I and Step II responses. Those responses found that KTF was in compliance with the current policy on religious beliefs and practices and indicated that Plaintiff could petition the warden or his designee for recognition of his group pursuant to PD 05.03.150 ¶ L. (Compl. Ex. A.) Plaintiff did not appeal this response. This grievance was accordingly resolved. Plaintiff cannot now use the previously-resolved grievance as an excuse for failing to grieve Martin's denial of his request for Shi'a recognition.

The Court agrees with the Magistrate Judge that Plaintiff was required to grieve the denial of his Shi'a recognition and Shi'a services request before filing suit, and that because he failed to do so, he failed to exhaust his available administrative remedies with respect to these issues.

5

<u>Objection 3</u>

Plaintiff objects to the Magistrate Judge's determination that he failed to exhaust his property-related claims.

Plaintiff's relevant property-related grievances, NCF 2008-10-921-28c and KTF 2008-10-1063-28e, were rejected at Step I for violating the grievance policy. Although Plaintiff appealed both of these grievances through Step III, the Magistrate Judge determined that they were not "properly" exhausted because the grievances were properly rejected for containing multiple issues and being untimely, and Plaintiff appealed them to Step III without correcting the procedural errors.

Plaintiff contends that Grievance NCF 2008-10-921-28c was not properly rejected for containing multiple issues. He contends that he was required to include all of the facts involving his claim in order to comply with ¶ P of the grievance procedure and to avoid having his grievance rejected as vague pursuant to ¶ G(1).

The exhaustion requirement of 42 U.S.C. § 1997e(a) requires "proper" exhaustion of administrative remedies, which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (citations omitted)).

Upon de novo review the Court is satisfied that grievance NCF 2008-10-921-28c was properly rejected for containing "multiple unrelated issues" in violation of PD 03.02.130 ¶ G(1). The grievance addressed not only a claim regarding his lost property, but also claims of arbitrary punishment, deliberate indifference to medical needs, improper

assignment to a smoking unit, and arbitrary refusal to allow him to see the quartermaster. The Court is also satisfied that grievance KTF 2008-10-1063-28e was properly rejected for being "filed in an untimely manner" in violation of PD 03.02.130 ¶ G(4). Plaintiff's grievance addressed numerous discrete incidents that occurred in May 2008, but the grievance was not filed until October 16, 2008. The grievance was not filed within five days of the grievant's attempt to resolve the issue with appropriate staff as required by ¶ P. Plaintiff did not address or correct these deficiencies on his appeals to Steps II or III. The R&R correctly found that Plaintiff failed to properly exhaust his administrative remedies.

Objection 4

Plaintiff asserts that the notice of intent to conduct an administrative hearing into his assault[3] exhausted his failure to protect and prisoner assault claim and that, pursuant to the grievance policy, he did not have to grieve this "non-grievable" issue. In essence, Plaintiff contends that because the notice of intent was based on Plaintiff's assault by other prisoners, Plaintiff's assault claim is not grievable pursuant to PD 03.02.130 ¶ F(2).

The MDOC grievance policy provides that a grievance that raises the following non-grievable issue will be rejected:

> Decisions made in hearings conducted by hearing officers of the State Office of Administrative Hearings and Rules, including property disposition, and issues directly related to the hearing process (e.g., sufficiency of witness statements; timeliness of misconduct reiveiw; timeliness of hearing).

PD. 03.02.130 ¶ F(2).

---

[3]On January 4, 2009, the MDOC issued a notice of intent to classify Plaintiff to segregation for his protection following an assault on Plaintiff by other prisoners. (Dkt. No. 1, Ex. C; Dkt. No. 59, Ex. K.)

Plaintiff has confused his grievable claim for assault with his non-grievable challenge to issues related to the hearing process. The two are not the same. Plaintiff had a right to grieve his failure to protect and his assault claim. Plaintiff did not file a grievance as to these claims, and he has accordingly failed to exhaust his administrative remedies as to these claims.

The Magistrate Judge correctly found that Plaintiff failed to properly exhaust any of the issues raised in his complaint, and that Defendants are entitled to summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 85) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the August 23, 2010, R&R of the Magistrate Judge (Dkt. No. 79) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 47) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to depose prisoners (Dkt. No. 27) and motion for preliminary injunction (Dkt. No. 69) are **DENIED AS MOOT**.

**IT IS FURTHER CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3) that an appeal of this action would not be in good faith.


Dated: September 17, 2010                    /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             UNITED STATES DISTRICT JUDGE